UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELISSA KAY QUAILE,

    Plaintiff,

v.                                                Case No.:  2:18-cv-38-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## **ORDER**

Before the Court is the Motion for Authorization of Attorney Fees (Doc. 29) filed on August 17, 2021 and the Unopposed Amended Motion for Authorization of Attorney Fees (Doc. 30) filed on August 25, 2021. Based on the filing of the amended motion, the original motion will be denied as moot.

Plaintiff Melissa Kay Quaile's attorney David M. B. Russell requests the Court award attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $15,823.17 which represents at most 25% of the past-due benefits awarded in this case. (Doc. 30, p. 2). Attorney Russell represents that the Commissioner has no objection to the relief requested. (Doc. 30, p. 4). For the following reasons, the Court grants the motion.

On February 22, 2019, the Court entered an Opinion and Order (Doc. 22), reversing the decision of the Commissioner and remanding the action to the Commissioner to: "conduct any proceedings as necessary to determine the frequency of Plaintiff's nebulizer usage, how it affects her ability to work, and how her usage affects available jobs." (Doc. 22, p. 8). A judgment was entered on February 25, 2019. The Court awarded $5,080.32 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 27). Russell now seeks additional fees under 42 U.S.C. § 406(b) from Plaintiff's past-due benefits. (Doc. 30). Specifically, Russell requests an award of $15,823.17, which is comprised of the $10,742.85 that the Social Security Administration is withholding as the balance of the 25% of the past-due benefits and a credit to Plaintiff for the EAJA fee award in the amount of $5,080.32. (Doc. 30, pp. 4).

Title 42 U.S.C. § 406(b) allows the Court to award counsel for a successful claimant fees for work performed before the Court. However, the fees must be a "reasonable" amount and must not exceed twenty-five percent (25%) of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1382 (S.D. Ga. 2002). Section 406(b) does not replace the contingent-fee agreement between the client and counsel, but it does require the Court to examine the agreement, the amount of fees, and make an independent

determination that the fees are reasonable for the results in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"An attorney cannot recover a fee for the same work under both EAJA and § 406(b) – both of which compensate the attorney for the attorney's efforts before the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee, and a failure to do so may be a criminal offense." *Jenkins v. Comm'r of Soc. Sec.*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1347934, *2 (M.D. Fla. Mar. 20, 2019), *report and recommendation adopted*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1330806 (M.D. Fla. Mar. 25, 2019) (citing 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186; *Gisbrecht*, 535 U.S. at 796).

To determine the reasonableness of the requested fees, a court engages in a three-step process. First, a court looks to the contingent-fee agreement and verifies that it is reasonable. *Gisbrecht*, 535 U.S. at 808. Second, a court looks to see if the attorney delayed the case, and third, a court looks to see if the benefits are large in comparison to the amount of time counsel spent on the case. *Id*. A court may require counsel to submit a record of the hours spent and counsel's normal hourly billing rate to aid the court in making its determination as to reasonableness. *Id*.

First, the Court reviewed the "Fee Contract – Federal Court" agreement. (Doc. 30-2). In the agreement, Plaintiff agrees "that the Firm shall charge and receive as

the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to *my family* and me in the event my case is won." (Doc. 30-2, p.1). The Court finds this agreement comports with 42 U.S.C. § 406(b) in that it allows a fee award equal to but not more than 25% of the past-due benefits. Thus, the Court finds this agreement is reasonable.

Second, the Court looks to see if counsel delayed this case. The Court finds no evidence of delay. Lastly, the Court considers whether the benefits are large in comparison to the amount of time counsel spent on this case. In this Court's June 18, 2019 Order, (Doc. 27), the Court reviewed the number of hours expended in this case and the hourly rate and found both to be reasonable. (Doc. 27, p. 2). In conjunction with the instant Motion, the Court reviewed: (1) the number of hours counsel expended and the hourly rates (Doc. 26-1); and (2) the Social Security Administration's July 28, 2021 letter (Doc. 30-1). After consideration of these documents, the Court finds the fees requested by counsel are reasonable. Thus, the Court determines an award of $15,823.17 is reasonable.

Accordingly, it is hereby **ORDERED**:

(1) The Motion for Authorization of Attorney Fees (Doc. 29) is **DENIED as moot**.

(2) The Unopposed Amended Motion for Authorization of Attorney Fees (Doc. 30) is **GRANTED** and the Court awards § 406(b) fees in the

amount of $15, 823.17, which is comprised of the remaining balance of attorney's fees withheld by the Social Security Administration in the amount of $10,742.85 and Plaintiff being credited EAJA fees in the amount of $5,080.32.

(3) The Clerk of Court is directed to enter an Amended Judgment awarding $15,823.17 in attorney fees, which is comprised of the remaining balance of attorney's fees withheld by the Social Security Administration in the amount of $10,742.85 and Plaintiff being credited EAJA fees in the amount of $5,080.32.

**DONE** and **ORDERED** in Fort Myers, Florida on September 3, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties